UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **STACEY LYNN REICHLER,**   )<br>   Plaintiff    )<br>    )<br>v.    )<br>    )<br>**THE TOWN OF ABINGDON,**   )<br>   Defendant    ) | **MEMORANDUM ORDER**<br>Case No. 1:21cv70637 |

This matter is before the court on the plaintiff's Motion To Disqualify Defense Counsel, (Docket Item No. 8) ("Motion"), the defendant's response, (Docket Item No. 15) ("Response"), and the plaintiff's reply, (Docket Item No. 17) ("Reply"). For the reasons stated below, the Motion is denied without prejudice.

The Motion seeks to disqualify counsel, Ramesh Murthy and Cameron Bell, from representing the defendant, The Town of Abingdon, ("Town"), because the plaintiff, Stacey Lynn Reichler, ("Reichler"), intends to call Murthy and Bell to testify as witnesses in this matter. Reichler's Complaint alleges that the Town created and/or allowed a hostile work environment and discriminated and retaliated against Reichler, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq*. Reichler's Complaint alleges a pattern of discriminatory conduct by former Town Manager James Morani. Reichler alleges that Morani discriminated against her, as well as other female Town employees, who brought their complaints to her in her role as the Town's Director of Human Resources.

Reichler alleges, in February 2020, she contacted Town Attorney Bell by phone to make a complaint of gender harassment and discrimination on behalf of

female Town employees, including herself. Reichler alleges Bell said he would have to get back with her. On or around, February 14, 2020, Town Attorney Murthy contacted Reichler and scheduled a meeting with her. At that meeting on February 18, 2020, Reichler repeated her complaints about Morani to Murthy. Reichler alleges that she reported to Murthy specific incidences of discriminatory conduct by Morani and described the hostile work environment his behavior created. Reichler alleges she requested Murthy investigate these complaints and recommend corrective action for improvement. She alleges Murthy told her that he would "look into" the situation. Reichler alleges, on that same day, Morani restricted her access to the Town Office building, and he fired her three days later, both actions in retaliation for her complaints of discrimination to Bell and Murthy.

In her Brief In Support Of Plaintiff's Motion To Disqualify Defense Counsel, (Docket Item No. 9) ("Plaintiff's Brief"), Reichler asserts that the testimony of Bell and Murthy will be necessary because they received her complaints of discrimination, investigated those complaints and communicated those complaints to the Town, including Morani. In particular, Reichler asserts the testimony of Bell and Murthy will be necessary to establish the causation required to prevail on her retaliation claim. Reichler argues that Bell and Murthy must be disqualified from serving as defense counsel under Virginia Rule of Professional Conduct 3.7, known as the "Witness-Advocate Rule," which states:

> (a) A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal service rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

    (b)    If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer may be called as a witness other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client.

    (c)    A lawyer may act as advocate in an adversarial proceeding in which another lawyer in the lawyer's firm is likely to be called as witness unless precluded from doing so by Rule 1.7 or 1.9.

The Town argues that Reichler has not met her burden to show that the testimony of Bell and Murthy is necessary. Furthermore, they argue, even if their testimony is necessary, they may continue to represent the Town because their testimony would be offered on an uncontested issue or their testimony would not be prejudicial to their client. Lastly, they argue that the testimony sought from them may be protected by the attorney-client privilege.

Both parties agree that the party seeking to invoke the Witness-Advocate Rule to disqualify counsel bears the burden to show the attorney's testimony is necessary. *See Teleguz v. Commonwealth*, 643 S.E.2d 708, 728 (Va. 2007). "…[A] party seeking to invoke the witness-advocate rule for disqualification purposes must prove that the proposed witness-advocate's testimony is 'strictly necessary,' not merely relevant and useful." *Sutherland v. Jagdmann*, 2005 WL 5654314, at *2 (E.D. Va. Oct. 31, 2005) (citation omitted). The Fourth Circuit consistently has held, for a plaintiff to establish a causal relationship between a protected activity and adverse action in a Title VII retaliation claim, the plaintiff must show that the decisionmaker was aware of the protected activity at the time of the alleged retaliatory adverse action occurred. *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 124 (4th Cir. 2021).

In this case, Reichler alleges that her protected activity, her complaints of harassment and gender discrimination by Morani, were made not to Morani, but, rather, to Bell and Murthy. Therefore, the testimony of Bell and Murthy as to whether they communicated Reichler's complaints to Morani, the decisionmaker, prior to his alleged retaliatory adverse actions is highly relevant to her claims. Nevertheless, the court, based on the information currently before it, cannot find that Reichler has met her burden to show that the testimony of Bell and Murthy is "necessary" on this issue. Based on the information currently before it, the court cannot determine whether the Town is disputing that Morani knew of Reichler's protected activity when he took adverse actions against her. If the Town concedes this point, or if Morani admits he had this knowledge before taking action against Reichler, there would be no need for testimony from Bell or Murthy on this issue.

Based on the above-stated reasons, the Motion is **DENIED** without prejudice.

The Clerk's Office shall provide a copy of this Memorandum Order to all counsel of record.

**ENTERED:** February 24, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE