IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| STACEY LYNN REICHLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-70637 |
| ) | |
| ) | |
| TOWN OF ABINGDON ) | |
| Defendant ) | |

**JOINT RULE 26(f) PLAN**

The parties, come, pursuant to Fed. R. Civ. P. 26(f), having met and conferred, to respectfully submit the Joint Discovery Plan (the "Plan") as set forth below:

**I.   Nature and basis of claims and defenses and the possibilities for promptly settling or resolving the case.**

The parties have discussed the general nature and basis of each other's claims and defenses. The parties believe there is no opportunity for settlement at this time.

**II.   Rule 26(f) Discovery Plan.**

For all ESI discovery permitted under Rule 26, the parties agree to limit the relevant periods (the "Relevant Period") for discovery from the various parties from June 8, 2015 (Plaintiff's date of hire) to March 23, 2020 (one month subsequent to the date of termination of employment).

The parties reserve the right to move for leave to modify the applicable Relevant Period should the need arise.

Pursuant to Rule 26(f), the parties jointly propose the following agreed plan

supplementing/amending the discovery provisions set forth in the Pretrial Order:

    A. Plaintiff shall make her Rule 26(a)(2) expert witness disclosures on or before four months prior to the trial date. Defendant shall make expert witness disclosures fifteen (15) days thereafter.

    B. Regarding electronic discovery issues, see Part III, below.

    C. Regarding issues of assertion or privilege and protection of trial preparation materials, see Part III, below ("Privileged Produced Information").

    D. The parties do not anticipate the need for limitations on discovery.

    E. It appears necessary for a Protective Order to be entered and counsel for Defendant will submit a proposed Protective Order along with written discovery requests.

    F. The parties agree to transmit and/or serve discovery requests and responses by electronic means (e.g. electronic mail and/or electronic file sharing means).

    G. The parties agree to resolve discovery disputes, including disputes concerning protective orders, if necessary, in the following manner: 1) detailed email exchange ("meet and confer") between the parties to discuss the discovery issue(s) with a deadline to resolve the issues; followed by (2) filing of a Motion requesting the Court take formal action.

**III. Discovery of Electronically Stored Information ("ESI").**

The parties will comply with the rules governing electronic discovery set forth in the Federal Rules of Civil Procedure, applicable local rules, and decisional law. The parties hereby submit the following summary of the parties' conference and agreement regarding electronic discovery matters:

    1. <u>Preservation:</u> The parties agree that Defendant will provide Plaintiff with a

communication with Defendant's Initial Disclosures, describing how electronically stored information ("ESI") has been preserved to date, including litigation hold processes that have been implemented and the identification of ESI repositories where potentially responsive ESI may reside.  The parties agree to securely maintain, and not destroy or delete, sources of potentially discoverable information created during the Relevant Period, including, to the extent they exist, (i) email back-up tapes, computer hard drives and servers, and (ii) network back-up tapes (i.e. tapes or other similar media onto which back-up systems store ESI).  To the extent they exist, the parties agree to preserve all such back-up tapes and other ESI created during the Relevant Period.

    2.    <u>Search Terms:</u>  The parties have agreed to the following protocol regarding the use of search terms to decrease the scope of production in a manner consistent with the letter and spirit proportionality embodied in Rule 26(b).  The parties have agreed to an iterative search process and to exchange multiple sets of search terms.  At the end of the process, the search terms provided by the Searching Party will be applied to the ESI of the Producing Party.  The Producing Party will then create an ESI data set with the results and that ESI will be produced subject to an agreed ESI Protocol.  The first set of search terms will be provided by Plaintiff with Plaintiff's Initial Disclosures.  Thereafter, the parties will work in good faith to revise the list of search terms based upon the reasonable requests of the Searching Party and the provision of search term results from the Producing Party, to include for each set of search terms, the total number of documents (including attachments) identified within the full data set for each search term responsive ESI will be produced by or before the deadlines applicable under the Requests for Production of Documents and Rule 34.  The parties agree to work in good faith to agree upon reasonable search terms and Key Custodians.  Defendant agrees to produce the ESI

in searchable PDF format on a platform capable of reviewing the aforementioned ESI.

3. <u>"Excessive" ESI Data Set:</u>   If one or more of Search Party's proposed search terms produce more than 800 "hits," Plaintiff, Defendant, and Defendant's ESI Vendor will have a teleconference within fourteen (14) days of the Producing Party notifying the Searching Party of the one or more proposed search terms produced the "excessive" number of hits.

4. <u>Identification of Custodians:</u>   To facilitate the identification of the appropriate employees who may possess relevant documents, the parties agree to provide to each other with their Initial Disclosures the identification of employees and third parties that they reasonably believe could have access to, control over or responsibility for potentially discoverable information.  The parties will meet and confer in good faith and exchange additional information as may be necessary to facilitate the identification, and limit the number, of employees for whom the provisions of this section shall be applicable. The parties have also agreed to work in good faith to identify on whether particular individuals are "Key Custodians" or "Non-Key Custodians".  ESI is required to be collected only from Key Custodians.  Non-Key Custodians are required to receive a litigation hold memorandum.

5. <u>Privileged Produced Information:</u>   The parties hereby invoke the protections of Federal Rule of Evidence 502 and specifically 502(d) and (e).

6. <u>No Waiver of Objections</u>.  By agreeing to preserve potentially discoverable information in accordance with the terms hereof, the parties do not waive any objection to the discovery or admissibility of such information.

7. <u>No Subject Matter Waiver.</u>  The Parties hereby acknowledge that certain disclosures made pursuant to Rule 26 and Rule 16, or through other formal or informal

pretrial disclosures, may result in the disclosure of documents or information that is otherwise subject to the protections of the attorney/client privilege and work product immunity. To the extent that such disclosures are made, the parties agree that any arguable waiver of these protections is made in furtherance of the letter and spirit of cooperation embodied in Rule 26 and the applicable decisional law, and that such disclosure only waives the privilege or immunity, if at all, as to the specific information disclosed. The parties agree that no subject matter waiver of attorney/client privilege or work product immunity is made or implied by such disclosures, including as to non-disclosed aspects of discovery practices, procedures and strategies employed by the parties.

**IV. Depositions**

The parties agree that the use of telephonic and videoconference depositions save both parties time and resources. Upon agreement of the parties, to the extent possible, the parties agree to schedule depositions via telephonic means or through the use of videoconference technology.

AGREED:

  /s/ N. Winston West, IV
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB #92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
Tel: 540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com

winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*


　/s/ Cameron S. Bell (signed with permission)

Cameron S. Bell, Esq.
Ramesh Murthy, Esq.
Penn, Stuart, Eskridge
PO Box 2288
Abingdon, VA 24212
Telephone: (276) 628-5151
Facsimile: (276) 628-5621
cbell@pennstuart.com
rmurthy@pennstuart.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 8, 2022, the foregoing was sent to the following attorneys for the Defendant via the Court's electronic CM/ECF system.

Cameron S. Bell, Esq.
Ramesh Murthy, Esq.
Penn, Stuart,  Eskridge
PO Box 2288
Abingdon, VA 24212
Telephone: (276) 628-5151
Facsimile: (276) 628-5621
cbell@pennstuart.com
rmurthy@pennstuart.com

*Counsel for Defendant*

                                       _____**/s/N. Winston West, IV**