IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

**STACEY LYNN REICHLER,**

    Plaintiff,

v.                                                                            Civil Action No. 1:21CV70637

**THE TOWN OF ABINGDON,**

    Defendant.

## MOTION TO QUASH AND FOR PROTECTIVE ORDER CONCERNING THIRD-PARTY SUBPEONAS

Plaintiff, Stacey Lynn Reichler, by counsel, moves for entry of an order quashing, or narrowing, subpoenas for production of documents issued by Defendant Town of Abingdon ("Town"), and as grounds therefore states as follows:

1. This is Title VII case. In short, Ms. Reichler was employed with the Town as the Director of Human Resources. Ms. Reichler alleged that she was demoted, and ultimately terminated, due to former Town Manager James Morani's fostering of a discriminatory, retaliatory, and hostile work environment, due to Ms. Reichler's gender, female.

2. "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(d)(1).[1] "Relevance is thus the foundation for any request for production, regardless of the individual to whom a request is made." *Cook v. Howard*, 484 F. App'x 805, 812 & n.7 (4th Cir. 2012). As this Court has

---

[1] This duty is heightened when the subpoena is issued to a nonparty. *See Whitlow v. Martin*, 263 F.R.D 507 (C.D. Ill. 2009) (noting that non-party status is a significant factor to consider in determining whether burden imposed by subpoena is undue).

1

explained, "[t]he Fourth Circuit has recognized that the determination of whether an 'undue burden' exists 'encompasses situations where the subpoena seeks information irrelevant to the case' and that relevance remains an appropriate factor for the Court to consider even where a subpoena is issued to a non-party." *Const. Co. v. UXB Int'l, Inc.*, 2013 U.S. Dist. LEXIS 16394, at *7 (W.D. Va. Nov. 18, 2013).

3. When making a relevancy determination related to a motion to quash a subpoena under Rule 45, the court utilizes Rule 26. *Id.* at *3. *See also*, cases applying FRCP Rule 26 principles regarding scope of discovery to SDTs and placing limitations on records to be produced: *McAfee v. Boczar*, 2012 U.S. Dist. Lexis 87116 (E.D. Va. June 22, 2012); *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237 (E.D. Va. November 7, 2012). Accordingly, the Fourth Circuit, and district courts across the country, routinely quash subpoenas and issue protective orders for overbroad discovery requests seeking irrelevant information. *E.g.*, *Finkle v. Howard County*, 640 Fed. Appx. 245, 247 (4th Cir. 2016) (upholding protective order issued in Title VII case where the request was not tailored to information relevant to the claim).

4. Subpoenas were served on the following entities, which are former or current employers of Plaintiff:

(1) Town of Nags Head, North Carolina (current employer)

(2) Office Max (former employer)

seeking the following records:

Ail employment files including applications, job descriptions of positions held, payroll records. W-2 forms. performance evals, statements of fellow employees; attendance records, disciplinary records, worker's comp. records, incident reports, reasons for termination pertaining to Stacey Lynn Reichler, DOB: xx-xx-xxxx

> material: All employment files including applications, job descriptions of positions held, payroll records, W-2 forms, performance evals, statements of fellow employees, attendance records, disciplinary records, worker's comp records, incident reports, reasons for termination pertaining to Stacey Lynn Reichler, DOB: ▮▮▮▮.

(**Exhibits A and B**, attached hereto)².

5. Plaintiff was terminated from employment from THE TOWN on February 21, 2020. Defendant has not sought discovery from Plaintiff at this time. However, Plaintiff will produce, upon request, documentation related to her efforts to mitigate her damages.

6. The requests to these employers are overbroad. The only relevance of these employers is to mitigation, and, Plaintiff has clearly mitigated in this case, becoming re-employed by the Town of Nags Head, North Carolina.

7. A subpoena was served on King University, Ms. Reichler's alma mater, seeking the following information:

> All school records including application, admission paperwork, attendance records, transcripts, diplomas, health and physical examination records, nurses' notes, disciplinary records, correspondence and any and all other information and records pertaining to Stacey Lynn Reichler

(**Exhibit C**, attached hereto).

8. This request is overbroad. The only relevant, or potentially relevant, information would relate to Plaintiff's transcripts and any diploma(s) received. Upon information and belief, these documents are the only ones that relate to information Defendant requested on Plaintiff's employment application.

---

² Plaintiff has redacted her date of birth from Exhibits A, B, and C in accordance with the Local Rules of the Western District of Virginia. The original subpoenas contain Plaintiff's full date of birth.

9. Moreover, courts have held time and time again that subpoenas to other employers for personnel files to obtain possible "impeachment" evidence is an impermissible fishing expedition. *E.g.*, *Chamberlain v. Farmington Sav. Bank*, 2007 U.S. Dist. LEXIS 70376, at \*5-10 (D. Conn. Sept. 25, 2007) (quashing subpoenas to prior employers and finding that where defendant has not presented any evidence to suggest that the plaintiff may have misrepresented information to the defendant concerning prior employment that would have provided legitimate grounds for termination, but instead sought to subpoena employment records to search for such information, this constituted an unwarranted intrusion, and similarly credibility and performance history were found to not be legitimate reasons to subpoena records from plaintiff's prior employer); *Woods v. Fresenius Med. Care Group of N. Am.*, 2008 U.S. Dist. LEXIS 3756, at \*7 (S.D. Ind. Jan. 16, 2008) ("Because the Defendant has failed to demonstrate that its subpoenas to the Plaintiff's past and current employers are based upon anything other than the Defendant's hope that the documents sought might prove useful in this case, the Plaintiff's motion to quash the subpoenas is **GRANTED.**"); *Perry v. Best Lock Corp.*, No. 98-c-0936, 1999 WL 33494858, at \*2 (S.D. Ind. Jan. 21, 1999) (noting that allowing discovery into previous, current, and prospective employers simply for filing a "fairly routine" discrimination case poses serious risk of third-party discovery being used as "instrument for delay and oppression"); *Maxwell v. Health Ctr. Of Lake City, Inc.*, No. 3:05-cv-1056, 2006 WL 1627020, at \*4 (W.D. Fla. Jun. 6, 2006) (quashing overbroad subpoenas for employee's complete personnel files from six prior employers and directing employer to attempt to obtain information from employee before taking intrusive step of subpoenaing non-parties); *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 241-242 (E.D. Va. 2012) ("Therefore, as Defendant's subpoenas, seeking Plaintiff's entire employment file from

his former employers, are not limited to seeking only those documents relevant to this FLSA overtime compensation action or the claims based upon an oral employment contract, they are overly broad on their face" (citing *Hendricks*, 275 F.R.D. at 255-56 (finding subpoenas to be overbroad because "compliance with the subpoenas will result in defendants receiving a plethora of documents, the vast majority of which would be completely unrelated to any possible issue in this case"); *Peña*, 2012 U.S. Dist. LEXIS 161492 at *5 (holding that subpoenas seeking "employment application, payroll records, medical records, evaluations, correspondence and all other records" were overbroad and could be quashed on that basis alone) (emphasis in original).

10. Counsel for Plaintiff has contacted counsel for Defendant, by email, in an attempt to schedule a meet and confer and come to a resolution regarding this motion. The motion is being filed at this time in order for Plaintiff to be able to notify the entities to wait for further direction before producing any records.

11. The support for this motion is contained entirely herein. *See* W.D. Va. L. Civ. R. 11(c).

WHEREFORE, Plaintiff requests entry of an order quashing, or narrowing, the above-referenced subpoenas.

Respectfully submitted,

STACEY LYNN REICHLER

*/s/*    N. Winston West, IV
Brittany M. Haddox, Esq. (VSB # 86416)
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Monica L. Mroz, Esq. (VSB #65766)

STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
brittany@strelkalaw.com
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2022, I electronically filed this pleading on the Court's CM/ECF filing system which contemporaneously sent a Notice of Electronic Filing to all counsel of record.

/s/     N. Winston West, IV