IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ABINGDON

| | |
|---|---|
| STACEY LYNN REICHLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21CV70637 |
| ) | |
| THE TOWN OF ABINGDON, ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION TO QUASH AND FOR PROTECTIVE ORDER CONCERNING THIRD-PARTY SUBPOENAS</u>**

The Town of Abingdon ("Town"), by counsel, respectfully requests that the Court deny Plaintiff Stacey Reichler's ("Reichler") Motion to Quash and for Protective Order for the reasons explained below.

FACTS

In this case, Reichler, who was terminated for various failures in her duties with the Town, claims that she was discriminated and retaliated against. Discovery has just begun and on July 26, 2022, the Town issued subpoenas duces tecum ("SDTs") to Reichler's former employer, Office Max, King University, where Reichler attended classes, and to Nags Head, North Carolina, where Reichler was employed following her termination from Abingdon. (*See* Exhibits A, B, C.)

Without first discussing the nature of the subpoenas and plaintiff's objections, plaintiff moved to quash these subpoenas.

1

LAW AND ARGUMENT

Parties may generally obtain discovery about "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The scope of discovery is not without its limitations, *see e.g.*, *Nicholas v. Wyndham Intern. Inc.*, 373 F.3d 537, 543 (4th Cir. 2004), and "[r]elevance is [] the foundation for any request for production." *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012) (noting that subpoenas are governed by both Federal Rules of Civil Procedure 45 and 26). Nevertheless, "[r]elevance is construed broadly in the discovery context and is not limited to evidence that would be admissible in court." *Sipral v. Wang*, No. WDQ–12–0365, 2012 WL 2880565, at *5 (D. Md. July 12, 2012). Relevance just means that the information is "reasonably likely to lead to the discovery of admissible evidence." *Smith v. United Salt Corp.*, No. 1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. Sept. 9, 2009). All in all, "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Notably, the burden rests with party challenging discovery to establish that production should not be permitted. *Smith*, 2009 WL 2929343, at *5.

A. The SDTs Should Not Be Limited.

Reichler's arguments that the SDTs seek irrelevant information and the Town is not permitted to use these SDTs simply to obtain potential impeachment evidence are without merit. (Pl.'s Mem. 4–6, ECF No. 27.) It likewise does not matter whether Reichler says that she will provide mitigation evidence. Contrary to Reichler's arguments, the standard is whether these requests are reasonably calculated to lead to the

discovery of admissible evidence. Reichler has not met her burden of establishing why the production called for by these SDTs should be prohibited. *Smith*, 2009 WL 2929343, at *5.

The Office Max records are relevant to the duties that Reichler performed, her claimed qualifications for the position in Abingdon, and her claimed abilities to perform all of her job functions without criticism. In addition, other persons who Reichler has listed as persons with knowledge in this case had connections to Reichler when she worked at Office Max. Those connections and potential biases are relevant to this case.

Likewise, the Nags Head records are relevant for those same reasons as to performance after Reichler left employment with Abingdon. Upon information and belief, Reichler's tenure in Nags Head lasted less than a year. Personnel records are relevant as to any communication that Reichler had with Nags Head regarding her previous position, her duties, performance, her pay, why she no longer worked for Abingdon, and why she no longer works for Nags Head, among others. Also, because Reichler claims that she suffered non-pecuniary issues following her employment with Abingdon, her performance in Nags Head is relevant.

Reichler has also made Nags Head records relevant by her claim in paragraph 64 of the Amended Complaint that "Mr. Morani and others in the Town of Abingdon took great pains to prevent her from obtaining new employment in her field and regularly gave her a poor recommendation when potential new employers contacted them." The Nags Head records are relevant regarding what they contain regarding these claims.

In addition, both employer subpoenas are relevant as to damages. Mitigation is not the only damages issue. Other employment files, including, but not limited to, applications for employment, work excuses, performance-related reports, attendance records, statements and reports of fellow employees, and medical and disability claims, are relevant to Reichler's claim that she "has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses" as a result of the Town's alleged actions. (Pl.'s Am. Compl. at ¶¶ 75, 85, 99, ECF No. 20.)

The subpoenas are reasonably calculated to lead to the discovery of admissible evidence as to Nags Head for these claims post-employment and Office Max records to Reichler's baseline prior to employment.

Reichler also undercuts her own arguments regarding discoverability of employment records because she issued her own subpoena. That subpoena requests the full employment file from a former employer of James Morani. Morani is only a witness to the case and not a party. The plaintiff has not made a single allegation in the Complaint regarding Morani's background. Reicher cannot contend that her subpoena, which is clearly a fishing expedition unrelated to the case, is proper while the subpoenas that are directly relevant to Reichler's claims in this case is not.

The records from King University are relevant regarding Reichler's qualifications for her position, for her claims that she should have been maintained as a Department Head of Human Resources, and her knowledge regarding various duties that she did not perform adequately for Abingdon, for which she was terminated.

4

In addition, Reichler's allegations made her King University file directly relevant, "On or about October 2019, Ms. Reichler requested tuition reimbursement for her doctorate program in human resources." (Am. Compl. at ¶ 14, ECF No. 20.)  If Reichler claims that she should have been reimbursed by the Town for these classes, then her file regarding that schooling is also relevant.

Finally, the cases Reichler cites, almost all from other jurisdictions, do not apply at all.  The Court has broad discretion in resolving discovery disputes and is not bound by other district court decisions. *See Smith*, 2009 WL 2929343, at *5–7 (discussing the Court's discretion in discovery matters and denying the plaintiff's motion to quash). Moreover, the cases can be distinguished from this matter. The Town is not seeking these employment files simply to fish for documents to support some theoretical attack on Reichler's credibility as a witness or to find information pertinent to a speculative after-acquired evidence defense.  *See Chamberlain v. Farmington Sav. Bank*, Civil No. 3:06CV01437 (CFD), 2007 WL 2786421, *2–3 (D. Conn. Sept. 25, 2007); *Perry v. Best Lock Corp.*, No. IP 98–C–0936–H/G, 1999 WL 33494858, at *2–3 (S.D. Ind. Jan. 21, 1999). Nor does the Town seek documents that only "might prove useful in this case," *Woods v. Fresenius Med. Care Grp. of N. Am.*, No. 1:06-cv-1804-RLY-WTL, 2008 WL 151836, at *2 (S.D. Ind. Jan. 16, 2008), from numerous previous, current, and/or prospective employers. *See Perry,* 1999 WL 33494858 at *1 (involving nineteen subpoenas to plaintiff's present, past, and prospective employers); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020 (M.D. Fl. June 6, 2006) (involving subpoenas to six of the plaintiff's employers for which the plaintiff

worked prior to the relevant claims); *Peña v. Burger King Corp.*, Action No. 2:12cv248, 2012 WL 12547064 (E.D. Va. Sept. 21, 2012) (involving subpoenas to employers for whom the plaintiff worked many years before the suit and prior to the onset of plaintiff's claimed disability).

Rather, the Town seeks employment records from two other employers who employed Reichler before and immediately after the Town's alleged conduct, conduct Reichler claims continues to cause her suffering, and education files related to Reichler's claims of discrimination and her claims that she was well trained for her position. In sum, the requests for files in this case are reasonable considering the facts and circumstances present.

For the foregoing reasons, the Court should deny Reichler's Motion to Quash and for Protective Order Concerning Third-Party Subpoenas.

TOWN OF ABINGDON

By Counsel

Ramesh Murthy
  VSB No. 31801
Cameron S. Bell
  VSB No. 47685
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
cbell@pennstuart.com

By  /s/Cameron S. Bell
    Cameron S. Bell
    Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/Cameron S. Bell
Cameron S. Bell

Abingdon: 1189036-1