CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA FILED

08/18/22
JULIA C. DUDLEY, CLERK
BY: Allison Meade
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **STACEY LYNN REICHLER,**<br>Plaintiff | )<br>)<br>) |
| v. | )   **MEMORANDUM ORDER**<br>)   Case No. 1:21cv70637 |
| **THE TOWN OF ABINGDON,**<br>Defendant | )<br>)<br>) |

This matter is before the court on the plaintiff's Motion To Quash And For Protective Order Concerning Third-Party Subpoenas, (Docket Item No. 27) ("Motion"), and the defendant's response, (Docket Item No. 32) ("Response"). No reply was timely filed. For the reasons stated below, the Motion is **DENIED**.

The Motion seeks to quash three subpoenas duces tecum issued by the defendant. Two of the subpoenas duces tecum seek records from the plaintiff's former employers, OfficeMax and the Town of Nags Head, North Carolina. These two subpoenas seek "[a]ll employment files including applications, job descriptions of positions held, payroll records, W-2 forms, performance evals [sic], statements of fellow employees, attendance records, disciplinary records, worker's comp [sic] records, incident reports, reasons for termination" pertaining to the plaintiff. The third subpoena duces tecum was served on King University, the plaintiff's alma mater, and seeks "[a]ll school records, including applications, admission paperwork, attendance records, transcripts, diplomas, health and physical examination records, nurses' notes, disciplinary records, correspondence and any and all other information and records" pertaining to the plaintiff. (Collectively, "Subpoenas"). The Motion argues that the Subpoenas should be quashed because they are overbroad and seek

production of information that is not relevant. In its Response, the Town of Abingdon, ("Town"), argues that the information sought is relevant as to the plaintiff's qualifications, training and ability to carry out her former position with the Town, her nonpecuniary damages and her ability and efforts to mitigate her damages.

Federal Rules of Civil Procedure Rule 45 governs modifying or quashing a subpoena in a civil proceeding.  Rule 45 provides that the court must quash a subpoena that subjects a party to an undue burden. It is important to note that the court has no information before it from any of the responding parties showing that compliance with the Subpoenas would create an undue burden.  Instead, the plaintiff argues that the information sought in the Subpoenas is overbroad and not relevant, the standard associated with the issuance of a protective order under Federal Rules of Civil Procedure Rules 26(b)(2)(C)(iii) and 26(c). Rule 26(b)(2)(C)(iii) references the scope of discovery permitted by Rule 26(b)(1), which states that the parties to a case may obtain discovery regarding any matter, not privileged, that is relevant to a party's claim or defense and proportional to the needs of the case.

Relevance does not mean the information has to be admissible at trial, but merely that the requested information is reasonably likely to lead to the discovery of admissible evidence.  Discovery is "broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003).  The burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted.  *See Finley v. Trent*, 955 F. Supp. 642, 648 (N.D. W.Va. 1997) (citing *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992)).  It is well-settled that district courts are allowed broad discretion in resolving discovery disputes.  *See Carefirst*, 334 F.3d at 402.  In *Castle*, 142 F.R.D. at 620, the court concluded that the scope of discovery for a nonparty litigant under a

subpoena duces tecum was the same as the scope of a discovery request made upon a party to the action. As the Town notes in its Response, a party moving for a protective order bears the burden of proving that good cause exists to prevent or limit discovery. Specifically, the movant must make a particularized showing of why discovery should be denied, and conclusory or generalized statements in a motion for a protective order fail to satisfy this burden as a matter of law. *See Jones v. Circle K Stores Inc.*, 185 F.R.D. 223, 224 (M.D. N.C. 1999); *see also Bell v. Bd. of Educ., Fayette Cnty.*, 225 F.R.D. 186, 196 (S.D. W. Va. 2004).

I am of the opinion that the plaintiff has failed to meet her burden of making a particularized showing that the court should prohibit the Town from discovering the information sought by these Subpoenas. Specifically, I note that the plaintiff asserts, in a conclusory fashion, that the Subpoenas are overbroad and seek irrelevant information. This does not meet the heavy burden of proof under Rules 26(c) and 45(d).

Moreover, the court finds that, insofar as the Subpoenas seek medical records, these records are relevant because in the Amended Complaint, the plaintiff seeks to recover damages for "nonpecuniary" losses. As for the records sought from plaintiff's former employers, I am of the opinion that such records are relevant because they could potentially reveal such information as prior complaints of emotional distress and sexual harassment. They also could reveal information concerning the plaintiff's work histories; records of sustained employment or unemployment are important since the plaintiff seeks to recover an award of front pay. In addition, the Subpoenas could generate evidence that the plaintiff has acquired transferrable vocational skills. Such evidence could be important to the Town's affirmative defense that the plaintiff has failed to mitigate her damages.

For all of these reasons, I find that the records sought by the Subpoenas could lead to the discovery of facts relevant to the parties' claims and defenses. For the reasons stated herein, I will deny the Motion.

The Clerk's Office shall provide a copy of this Memorandum Order to all counsel of record.

**ENTERED:** August 18, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE