IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ABINGDON

| | | |
|---|---|---|
| STACEY LYNN REICHLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:21CV70637 |
| | ) | |
| | ) | |
| THE TOWN OF ABINGDON, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

The defendant, Town of Abingdon, Virginia ("Town"), by counsel, submits the following answer to the plaintiff's first amended complaint ("Amended Complaint").

1.　　The Town denies that the plaintiff has any valid claims but does not dispute this Court's subject matter jurisdiction.

2.　　The Town denies that the plaintiff has any valid claims but does not dispute this Court's personal jurisdiction.

3.　　The Town admits the allegations in paragraph 3.

4.　　Responding to the allegations in paragraph 4, the Town admits that the plaintiff originally filed her case in an improper venue, but is without information upon which to admit or deny the remaining allegations in paragraph 4.

5.　　The Town admits the allegations in paragraph 5.

1

EXHIBIT  1

6.      Responding to the allegations in paragraph 6, the Town admits that it is in Washington County and has an elected Town Council, which appoints a Town Manager, and that Council and the Town Manager have those powers and duties as prescribed by law.  The remaining allegations are denied.

7.      Responding to the allegations in paragraph 7, the allegations call for legal conclusions that require no response and are therefore denied.

8.      The Town admits the allegations in paragraph 8.

9.      The Town admits the allegations in paragraph 9.

10.      The Town denies the allegations in paragraph 10.

11.      The Town admits the allegations in paragraph 11.

12.      The Town admits the allegations in paragraph 12.

13.      The Town admits the allegations in paragraph 13.

14.      Responding to the allegations in paragraph 14, it is denied that the plaintiff requested tuition reimbursement directly.  The remaining allegations are denied.

15.      Responding to the allegations in paragraph 15, it is denied that the plaintiff requested tuition reimbursement directly.  The remaining allegations are denied.

16.      Responding to the allegations in paragraph 16, it is admitted that Reichler, without asking permission from the Town Manager, took a Town truck to be used on personal business.  It is denied that Reichler said that she had gone to the hospital or that her vehicle was in the shop. It is denied that the Town Manager said it "looked bad." Reichler was not disciplined for taking the vehicle or withholding details of the event. The remaining allegations are denied.

Abingdon: 1193959-1

17.     Responding to the allegations in paragraph 17, in November, 2019, Reichler requested via e-mail to Morani if she could reset her work schedule to work four, ten-hour shifts to attend her son's graduation in Fort Sill, Oklahoma.  Morani agreed and approved Reichler's request. Reichler later sent a request for four hours PTO through the Town's timekeeping system.  At the same time, apparently, Reichler put in the "comments" of the PTO request and not by a separate email as she had done previously, that she would work three, twelve-hour shifts. The remaining allegations are denied.

18.     Responding to the allegations in paragraph 18, consistent with the Town's IT policies in the Personnel Manual, all electronic and telephonic communication systems and all communications and information transmitted by, received from, printed from, or stored in these systems are the property of the Town, which has the right to monitor all uses of Town equipment.  The remaining allegations are denied.

19.     Responding to the allegations in paragraph 19, the Town admits to installing video security cameras at various locations on Town properties.  The remaining allegations are denied.

20.     The allegations of paragraph 20 are denied and strict proof is demanded.

21.     The Town denies the allegations in paragraph 21.

22.     The Town denies the allegations in paragraph 22.

23.     The Town denies the allegations in paragraph 23.

24.     The Town denies the allegations in paragraph 24.

25.     The Town denies the allegations in paragraph 25.

26.     The Town admits the allegations in paragraph 26.

Abingdon: 1193959-1

27.     The Town denies the allegations in paragraph 27.

28.     Responding to the allegations in paragraph 28, on or around January 17, 2020, Morani met with Reichler.  Morani never requested that Reichler reimburse the Town.  The remaining allegations are denied.

29.     The allegations in paragraph 29 are denied.

30.     The allegations in paragraph 30 are denied.

31.     The allegations in paragraph 31 are denied.

32.     The allegations in paragraph 32 are denied.  Morani never requested that Reichler reimburse the Town.

33.     Responding to the allegations in paragraph 33, it is admitted that Reichler paid the Town for her expenses, but the remaining allegations are denied.

34.     Responding to the allegations in paragraph 34, it is admitted that Morani did not request any employee, including Reichler, to repay work-related meals and travel costs.

35.     The allegations in paragraph 35 are denied.  Morani verbally reprimanded Reichler on January 17, 2020.

36.     The allegations in paragraph 36 are denied.

37.     Responding to the allegations in paragraph 37, it is admitted that Reichler submitted a memorandum, but it is denied that the memorandum is accurate.  The remaining allegations are denied.

38.     Responding to the allegations in paragraph 38, in November, 2019, Reichler requested via e-mail to Morani if she could reset her work schedule to work

four, ten-hour shifts to attend her son's graduation in Fort Sill, Oklahoma. Morani agreed and approved Reichler's request. Reichler later sent a request for four hours PTO through the Town's timekeeping system. At the same time, apparently, Reichler put in the "comments" of the PTO request and not by a separate email as she had done previously, that she would work three, twelve-hour shifts. The remaining allegations are denied.

39. Responding to the allegations in paragraph 39, on February 12, 2020, Morani issued a final written warning in the form of a Corrective Action Improvement Required document to Reichler that included many examples of deficiencies. The remaining allegations are denied.

40. Responding to the allegations in paragraph 40, on February 12, 2020, at a meeting that the Town Clerk attended, Morani issued a final written warning in the form of a Corrective Action Improvement Required document to Reichler that included many examples of deficiencies. The remaining allegations are denied.

41. The allegations in paragraph 41 are denied.

42. The allegations in paragraph 42 are denied.

43. Responding to the allegations in paragraph 43, it is admitted that Morani made this statement in a joking manner. The plaintiff's characterizations are denied.

44. Responding to the allegations in paragraph 44, it is denied that Morani spoke in a disrespectful or aggressive manner or that he discriminated against employees based on their gender.

45. The allegations in paragraph 45 are denied. It is further denied that all IT and police employees were male.

Abingdon: 1193959-1

46.     The allegations in paragraph 46 are denied.

47.     The allegations in paragraph 46 are denied.

48.     The Town is without information upon which to admit or deny the allegations in paragraph 48.

49.     The allegations in paragraph 49 are denied.

50.     Responding to the allegations in paragraph 50, it is admitted that Morani made this statement in a joking manner.  The plaintiff's characterizations are denied.

51.     The allegations in paragraph 51 are denied.

52.     The Town is without information upon which to admit or deny the allegations in paragraph 52.

53.     The allegations in paragraph 53 are admitted.

54.     The allegations in paragraph 54 are admitted.

55.     The allegations in paragraph 55 are admitted.

56.     The allegations in paragraph 56 are admitted.

57.     The allegations in paragraph 57 are denied.

58.     Responding to the allegations in paragraph 58, it is admitted that Morani exchanged master keys to Town Hall for more specific keys with Reichler and other employees.  The remaining allegations are denied.

59.     Responding to the allegations in paragraph 59, it is admitted that the Town terminated Reichler's employment.  The remaining allegations are denied.

60.     Responding to the allegations in paragraph 60, it is admitted that Morani requested that Reichler return Town-related items, including passwords.  Reichler said

6

that she needed to return to her office to retrieve some things and she attempted to delete all of her emails.  The remaining allegations are denied.

61.    Responding to the allegations in paragraph 61, it is admitted that Reichler was escorted out of the building consistent with Town practice.  The remaining allegations are denied.

62.    The allegations in paragraph 62 are denied.

63.    The allegations in paragraph 63 are denied.

64.    Responding to the allegations in paragraph 64, it is admitted that Reichler sent a memorandum to Town Council.  The remaining allegations are denied.

65.    The allegations in paragraph 65 are denied.

66.    The allegations in paragraph 66 are denied.

67.    The Town incorporates its responses to paragraphs 1-66.

68.    Responding to the allegations in paragraph 68, these allegations call for a legal conclusion and are therefore denied.

69.    The allegations in paragraph 69 are denied.

70.    Responding to the allegations in paragraph 70, these allegations call for a legal conclusion and are therefore denied.

71.    The allegations in paragraph 71 are denied.

72.    The allegations in paragraph 72 are denied.

73.    The allegations in paragraph 73 are denied.

74.    The allegations in paragraph 74 are denied.

75.    The allegations in paragraph 75 are denied.

76.    The allegations in paragraph 76 are denied.

77.    The allegations in paragraph 77 are denied.

78.    The allegations in paragraph 78 are denied.

79.    The Town incorporates its responses to paragraphs 1-78.

80.    Responding to the allegations in paragraph 80, these allegations call for a legal conclusion and are therefore denied.

81.    Responding to the allegations in paragraph 81, these allegations call for a legal conclusion and are therefore denied.

82.    The allegations in paragraph 82 are denied.

83.    The allegations in paragraph 83 are denied.

84.    The allegations in paragraph 84 are denied.

85.    The allegations in paragraph 85 are denied.

86.    The allegations in paragraph 86 are denied.

87.    The allegations in paragraph 87 are denied.

88.    The allegations in paragraph 88 are denied.

89.    The allegations in paragraph 89 are denied.

90.    The allegations in paragraph 90 are denied.

91.    The Town incorporates its responses to paragraphs 1-90.

92.    Responding to the allegations in paragraph 92, these allegations call for a legal conclusion and are therefore denied.

93.    The allegations in paragraph 93 are denied.

94.    The allegations in paragraph 94 are denied.

95.    The allegations in paragraph 95 are denied.

96.    The allegations in paragraph 96 are denied.

97.    The allegations in paragraph 97 are denied.

98.    The allegations in paragraph 98 are denied.

99.    The allegations in paragraph 99 are denied.

100.   The allegations in paragraph 100 are denied.

101.   The allegations in paragraph 101 are denied.

102.   The allegations in paragraph 102 are denied.

103.   The allegations in paragraph 103 are denied.

104.   All allegations not specifically admitted are denied.

105.   The Town denies the plaintiff's headings in the Amended Complaint.

106.   The Town denies being liable to the plaintiff in any amount.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a cause of action and fails to state a claim upon which relief can be granted for recovery under Sex-Based Harrassment/Hostile Work Environment. The plaintiff has not identified sufficiently severe or pervasive discrimination to state a claim.

### SECOND DEFENSE

The Amended Complaint fails to state a cause of action and fails to state a claim upon which relief can be granted for the recovery of punitive damages.

### THIRD DEFENSE

The Amended Complaint fails to state a cause of action and fails to state a claim upon which relief can be granted for recovery under Sex Discrimination because the plaintiff has failed to allege any similarly-situated employees outside her protected class were treated differently.

## FOURTH DEFENSE

The Amended Complaint fails to state a cause of action and fails to state a claim upon which relief can be granted for recovery for Retaliation because the plaintiff has not alleged any facts that establish a potential link between any protected activity and any subsequent conduct.

## FIFTH DEFENSE

The plaintiff fails to state a prima facie case under any of the claims or causes of action she has asserted. In the alternative, assuming the plaintiff has asserted a prima facie case, all conduct and actions on the part of the Town concerning the plaintiff were wholly based on legitimate, non-discriminatory, and non-retaliatory business-related reasons that were unrelated to the plaintiff's membership in any legally protected classification or category.

## SIXTH DEFENSE

The Town did not create a hostile environment or harass the plaintiff based upon her sex.

## SEVENTH DEFENSE

The Town did not discriminate against the plaintiff based upon her sex.

## EIGHTH DEFENSE

Abingdon: 1193959-1

The Town did not retaliate against the plaintiff based upon any protected activity.

## NINTH DEFENSE

The plaintiff was replaced with a member of the same protected class.

## TENTH DEFENSE

Without admitting that the plaintiff suffered any damages, the Town alleges that any recovery by the plaintiff must be reduced by the amount of money she received from any applicable source after her separation from employment from the Town.

## ELEVENTH DEFENSE

Without admitting that the plaintiff suffered any damages, the Town alleges that the plaintiff may not recover damages for any period of time after her separation from employment with the Town during which she did not make a reasonable effort to mitigate her damages by securing other suitable employment and income.

## TWELFTH DEFENSE

The Town will rely upon the defense of after-acquired evidence that it would not have hired Reichler had she answered the Town's employment application honestly regarding her criminal history, and that in the alternative, that the Town would have terminated Reichler had it known of her criminal history.

## THIRTEENTH DEFENSE

The Town reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.

Abingdon: 1193959-1

WHEREFORE, the Town moves this Court to dismiss the First Amended

Complaint with prejudice and award the Town its costs and attorneys' fees, along with

any other relief the Court deems proper.

TOWN OF ABINGDON
By Counsel

Ramesh Murthy
  VSB No. 31801
Cameron S. Bell
  VSB No. 47685
PENN, STUART & ESKRIDGE
P.O. Box 2288
Abingdon, Virginia 24212
Telephone: 276/628-5151
Facsimile: 276/628-5621
cbell@pennstuart.com
By  /s/ Cameron S. Bell
      Cameron S. Bell
      Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2022, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system, which will

send notification of such filing to counsel of record.

/s/ Cameron S. Bell
Cameron S. Bell

Abingdon: 1193959-1